NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**XACTWARE SOLUTIONS, INC.,**
*Appellant*

**v.**

**EAGLE VIEW TECHNOLOGIES, INC.,**
*Appellee*

---

2018-1053, 2018-1055, 2018-1056, 2018-1110

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2016-00589, IPR2016-00590, IPR2016-00591, IPR2016-00592.

---

Decided: March 6, 2019

---

MARK NIKOLSKY, McCarter & English, LLP, Newark, NJ, argued for appellant. Also represented by SCOTT S. CHRISTIE, TIMOTHY PATRICK HOMLISH, MATTHEW ADAM SKLAR; LEE CARL BROMBERG, Boston, MA.

JOHN C. O'QUINN, Kirkland & Ellis LLP, Washington, DC, argued for appellee. Also represented by JASON M. WILCOX; ADAM R. ALPER, San Francisco, CA; GIANNI CUTRI, Chicago, IL.

---

Before PROST, *Chief Judge,* MOORE and WALLACH, *Circuit Judges.*

PROST, *Chief Judge.*

Xactware Solutions, Inc. ("Xactware") appeals the final written decisions of the Patent Trial and Appeal Board ("Board") in four *inter partes* reviews. As relevant to this appeal, the Board upheld the validity of certain claims of U.S. Patent Nos. 8,825,454 ("the '454 patent"); 8,818,770 ("the '770 patent"); 8,209,152 ("the '152 patent"); and 9,135,737 ("the '737 patent"). We affirm.

The parties spent most of their briefing in these appeals debating the evidentiary showing required for a patent owner to be given the presumption of nexus as to evidence it offers to show secondary considerations of non-obviousness. We do not reach that issue for two reasons. First, this was not clearly at issue in the parties' briefing before the Board. In its Patent Owner Response, Eagle View Technologies, Inc. ("Eagle View") argued that a nexus existed between its secondary considerations evidence and the patent claims because the relevant products "are the invention disclosed." *E.g.,* J.A. 1162. In its Reply, Xactware merely challenged the credibility of Eagle View's expert and argued that the expert's testimony failed to demonstrate that the products actually practiced the claimed inventions. *E.g.,* J.A. 1786–88. The evidentiary showing necessary to earn the presumption of nexus was simply not at issue before the Board. Second, substantial evidence supports the Board's finding of nexus based on the limited evidentiary record on this issue.

Appellant raises a few other arguments apart from the challenge to the Board's nexus finding. With respect to the '770 patent, we hold that substantial evidence supports the Board's finding that the "moving" and "movement" limitations are not disclosed in Yair Avrahami, et al., *Extraction of 3D Spatial Polygons Based on the Overlapping Criterion*

*for Roof Extraction from Aerial Images*, International Archives of Photogrammetry, Remote Sensing and Spatial Information Sciences, August 29–30, 2005 ("Avrahami"). We also see no error in the Board's decision not to consider Xactware's untimely-raised argument that Avrahami discloses the "moving" and "movement" limitations by the placement of subsequent seed points after placement of a first seed point, as well as the addition of segmentations around each seed point. As to Appellant's arguments regarding the '152 patent, we see no reversible error in the Board's treatment of claims 10, 15, and 25.

We have considered Appellant's remaining arguments and find them unpersuasive. We therefore affirm the Board's final written decisions in these four *inter partes* reviews.

## AFFIRMED